UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| L. C. Brown, | ) |
| | ) C/A No. 4:14-4802-TLW-TER |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Ed Carral, Rodney Pruitt, Todd Gantt, | ) |
| KS Peterson, and Wayne Martin, | ) |
| Barnwell County Sheriff's Office, | ) |
| in their individual and official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

On January 9, 2001, Plaintiff L.C. Brown ("Plaintiff") was arrested on larceny/grand larceny charges. *See* http://publicindex.sccourts.org/Barnwell/PublicIndex/PISearch.aspx; *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Thereafter on January 30, 2001, Plaintiff was arrested on charges of

1

assault/assault with intent to kill, armed robbery, and possession of a weapon during a violent crime. *Id.* He pled guilty to the assault and robbery charges in May of 2001. *Id.* The pending weapons charge and grand larceny charge were *nolle prossed* in connection with the Plaintiff's state court plea to the assault and robbery charges. *Id.* Plaintiff was sentenced to twenty-five years on the armed robbery and ten years concurrent on the assault charge. *Id.* Plaintiff is currently serving his sentence on the robbery and assault charges at the Lee Correctional Institution. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function); In his Complaint, Plaintiff sues various officers with the Barnwell County Sheriff's Office for alleged violations of his constitutional rights, alleging that he was unlawfully arrested and falsely imprisoned. Plaintiff seeks declaratory relief and damages.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a

*pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[2] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

3

> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.' " *Wilkinson v. Dotson*, 544 U.S. 74, 78(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal matter and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls. In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action

4

will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

It is not clear what, if any, steps Plaintiff has already pursued to directly or collaterally challenge his assault and robbery convictions, but it is obvious that he has not yet been successful in any efforts to overturn the conviction because he is still incarcerated and serving the sentence imposed. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Because Plaintiff has not been successful in having his 2001 state convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by the various law enforcement officers if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate conviction.

Additionally, with regards to the grand larceny and weapons charges which were nolle prossed, Plaintiff's case is still subject to summary dismissal. Even where criminal charges are nolle prossed, and therefore no conviction was obtained, *Heck* still bars a claim for damages unless the Plaintiff establishes that the nolle prosequi was entered for reasons consistent with his innocence. *Cf. Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir.1997), cert. denied, 523 U.S. 1073, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998). Here, however, the public index of Barnwell County Court records reflect that his grand larceny and weapons charges were nolle prossed "per plea." This is not

a favorable disposition of these charges under South Carolina law. *McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 402 S.E.2d 887-888 (S.C.1991); *cf. State v. Gaskins*, 263 S.C. 343, 210 S.E.2d 590, 592 (S.C.1974); cf. Washington, 127 F.3d at 557 ["The plaintiff has the burden of proving a favorable termination. (citation omitted). The plaintiff meets his burden of proof only when he establishes the nolle prosequi was entered for reasons consistent with his innocence. (citation omitted). The circumstances surrounding the cessation of the criminal proceedings must compel an inference that reasonable grounds to pursue the criminal prosecution were lacking." (citation omitted) ]. Therefore, Plaintiff's claims against the Defendant officers are barred by *Heck*. *See Roesch v. Otarola*, 980 F.2d 850, 853-854 (2d Cir.1992) (holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution); *Berman v. Turecki*, 885 F.Supp. 528, 532-533, & n. 9 (S.D.N.Y.1995) (holding that where criminal charges are inextricably intertwined with Plaintiff's claims because both resulted from an allegedly unconstitutional search, in order to succeed on his claim plaintiff must prove that the search was unconstitutional, and by extension, that any item seized pursuant to the search should have been suppressed. Effectively, this would constitute a collateral attack on Plaintiff's conviction through the vehicle of a civil suit, which is exactly the outcome *Heck* sought to prevent); *Lambert v. Williams*, 223 F.3d 257, 260-261 (4th Cir.2000) (claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff), *cert. denied*, 531 U.S. 1130, 121 S.Ct. 889, 148 L.Ed.2d 797 (2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996) (Claim for malicious prosecution does "not accrue until a favorable termination is obtained."). As a result, this case is subject to summary dismissal as to all Defendants without issuance of service

of process.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice.  See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

February 17, 2015
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).