IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| L. C. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-cv-04802-TLW |
| | ) |
| ED CARRAL; RODNEY PRUITT; TODD GANTT; K. S. PETERSON; and WAYNE MARTIN, Barnwell County Sheriff's Office, in their individual and official capacities, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff L. C. Brown, proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 on December 19, 2014. (Doc. #1). This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss this action without prejudice and without issuance and service of process. (Doc. #8). Plaintiff filed objections to the Report on April 2, 2015 (Doc. # 12), and this matter is now ripe for disposition.

In conducting its review of the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

> judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #8), and Plaintiff's objections are **OVERRULED** (Doc. #12). For the reasons articulated by the Magistrate Judge, this action is **DISMISSED** without prejudice and without issuance and service of process.[1] (Doc. #1).

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

April 6, 2015
Columbia, South Carolina

---

[1] In his Complaint, Plaintiff requests that the Court appoint counsel to represent him, "as this action will call for extreme investigations, cross-examination, etc." (Doc. #1 at 3). Plaintiff's request for appointment of counsel is hereby **DENIED**. "[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . . ." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel in this case.